COPY
FILED

Gail Lin Chung, Cal St. Bar. No. 212334
Jack A. Raisner[1]
René S. Roupinian[2]
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Tel.: (212) 245-1000
Fax: (646) 509-2070
Email: gl@outtengolden.com
Email: rsr@outtengolden.com
Email: jar@outtengolden.com

Attorneys for Plaintiff Sven Etzelsberger, on behalf of
himself and all others similarly situated

2013 APR -5  PM 12: 08

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

SVEN ETZELSBERGER on behalf of
himself and all others similarly situated,

    Plaintiff,

v.

FISKER AUTOMOTIVE, INC.,

    Defendant.

CASE NO.  **SACV13-00540 CJC (RNBx)**
_____

BY FAX

# CLASS ACTION COMPLAINT FOR
## (1) VIOLATION OF WARN ACT 29 U.S.C. § 2101, ET SEQ.
## AND (2) VIOLATION OF CALIFORNIA LABOR CODE § 1400 ET. SEQ.

Plaintiff Sven Etzelsberger ("Plaintiff") alleges on his own behalf and the class of those

similarly situated as follows:

## NATURE OF THE ACTION

1.    Defendant designs, manufactures, and distributes electric vehicles and operated

facilities in several states.  Plaintiff worked for Defendant at the Santa Ana, California facility

[1 and 2] Not admitted to the Bar of the U.S. District Court C.D. Calif.  Applications for admission
*pro hac vice* to be filed.

until his termination on April 5, 2013. On or about April 5, 2013, Defendant terminated approximately 160 employees without any advance notice.

2.     The Plaintiff brings this action on behalf of himself, and these other similarly situated former employees who worked for Defendant and who were terminated without cause, as part of, or as the result of, the mass layoffs or plant closings ordered by Defendant on or about April 5, 2013 and within thirty  (30) days of that date, and who were not provided 60 days advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*., and the California Labor Code § 1400 *et. seq*. ("CAL-WARN Act").

3.     Plaintiff and all similarly situated employees seek to recover 60 days wages benefits, pursuant to 29 U.S.C. § 2104, from Defendant.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 2104(a)(5).

5.     A violation of the WARN Act alleged herein occurred in Santa Ana, California.

6.     Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

***Plaintiff***

7.     Plaintiff Sven Etzelsberger was employed by Defendant, and worked at the Defendant's facility located at 5515 E. La Palma Boulevard, Anaheim, California (the "Anaheim Facility") until his termination on or about April 5, 2013.

***Defendant***

8.      Upon information and belief and at all relevant times, Defendant Fisker Automotive Inc. ("Fisker") is a Delaware corporation, located at 5515 E. La Palma Boulevard, Anaheim, California.

9.      Until on or about April 5, 2013, the Plaintiff and all similarly situated employees were employed by Defendant and worked at or reported to the Anaheim Facility, or at other facilities operated by Defendant  (the "Facilities").

### WARN ACT CLASS ALLEGATIONS

10.      Plaintiff brings this action on his own behalf and on behalf of all other similarly situated former employees of Defendant who worked at or reported to one of Defendant's Facilities and were terminated without cause on or about April 5, 2013 and within 30 days of that date, or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant on that date, pursuant to 29 U.S.C. § 2104(a)(5).

11.      The persons in the Class identified above ("Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

12.      On information and belief, the identity of the members of the class and the recent residence address of each of the Class Members is contained in the books and records of Defendant.

13.      On information and belief, the rate of pay and benefits that were being paid by Defendant to each Class Member at the time of his/her termination is contained in the books and records of the Defendant.

14.    There are questions of law and fact common to the Class Members that predominate over any questions affecting individual members.

15.    There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

    (a)    whether the Class Members were employees of the Defendant who worked at or reported to one of Defendant's Facilities;

    (b)    whether Defendant terminated the employment of the Class Members without cause on their part and without giving them 60 days advance written notice; and

    (c)    whether Defendant paid the Class members 60 days wages and benefits as required by the WARN Act.

16.    The Plaintiff's claim is typical of those of the WARN Class.  The Plaintiff, like other WARN Class members, worked at or reported to one of Defendant's Facilities and was terminated without cause on or about April 5, 2013, due to the mass layoffs and/or plant closings ordered by Defendants.

17.    The Plaintiff will fairly and adequately protect the interests of the WARN Class. The Plaintiff has retained counsel competent and experience in complex class actions, including the WARN Act and employment litigation.

18.    Class certification of these claims is appropriate under Fed.R. Civ.P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation  – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

19.   Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

20.   Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

21.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

### CALIFORNIA WARN CLASS ALLEGATIONS, Cal. Labor Code § 1401

22.   Plaintiff brings the Second Claim for Relief for violation of Labor Code § 1401 on behalf of himself and a class of similarly situated persons pursuant to Labor Code § 1404 and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to one of Defendant's Facilities and were terminated without cause on or about April 5, 2013 (the "CAL WARN Class")

23.   The persons in the CAL WARN Class identified above ("CAL WARN Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

24.   On information and belief, the identity of the members of the class and the recent residence address of each of the CAL WARN Class Members is contained in the books and records of Defendant.

25.     On information and belief, the rate of pay and benefits that were being paid by Defendant to each CAL WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

26.     Common questions of law and fact exist as to members of the CAL WARN Class, including, but not limited to, the following:

(a)     whether the members of the CAL WARN Class were employees of the Defendant;

(b)     whether Defendant unlawfully terminated the employment of the members of the CAL WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the CAL WARN Act; and

(c)     whether Defendant unlawfully failed to pay the CAL WARN Class members 60 days wages and benefits as required by the CAL WARN Act.

27.     The California Class Plaintiff's claims are typical of those of the CAL WARN Class.  The California Class Plaintiff, like other WARN Class members, worked at or reported to one of Defendant's Facilities and were terminated on or about April 5, 2013, due to the termination of the Facilities ordered by Defendant.

28.     The California Class Plaintiff will fairly and adequately protect the interests of the CAL WARN Class.   The California Class Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the CAL WARN Act, the federal WARN Act, other similar state laws, and employment litigation.

29.     Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the CAL WARN Class predominate over any questions affecting only individual members of the CAL WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of CAL WARN Class Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual CAL WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

30.     Concentrating all the potential litigation concerning the CAL WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the CAL WARN Act rights of all the members of the Class.

30.     The California Class Plaintiff intends to send notice to all members of the CAL WARN Class to the extent required by Rule 23.

## **CLAIM FOR RELIEF**

### **Federal WARN Act Cause of Action**

31.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

32.     At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

33.     At all relevant times, the Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a).

34.   At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendant as that term is defined by 29 U.S.C. §2101.

35.   On or about April 5, 2013, and within 30 days thereafter, the Defendant ordered mass layoffs and/or plant closings at its Facilities, as that term is defined by 29 U.S.C. § 210l(a)(2).

36.   The mass layoffs and/or plant closings at the Anaheim Facility resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as more than 33% of Defendant's workforce at the Anaheim Facility, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

37.   The Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant at the Anaheim Facility or at  its other Facilities.

38.   The Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 210l(a)(5).

39.   Defendant was required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

40.   Defendant failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

41.   The Plaintiff is, and each of the Class Members are, "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

42.     Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

**Violation of California Labor Code - § 1400 *et. seq.*

43.     Plaintiff realleges and incorporates by reference all allegations in all proceeding paragraphs.

44.     The California Class Plaintiff and similarly situated employees who worked at or reported to Defendant's facilities in California (the California Facilities"), and other "covered establishments," are former "employees," of Defendant as defined in Labor Code § 1400(h).

45.     Defendant terminated the employment of California Class Plaintiff and other similarly situated employees, pursuant to a "mass layoff," "relocation" or "termination" as defined in Labor Code § 1400(d-f) on or about April 5, 2013 or thereafter.

46.     At all relevant times, Defendant was an "employer" as defined in Labor Code § 1400(b).

47.     Defendant violated Labor Code § 1401 by ordering a "mass layoff," "relocation" or "termination" in California without giving written notice at least 60 days before the order took effect to (1) the employees affected by the order and (2) the Employment Development Department, the local workforce investment board, and the chief elected official of each city and county government within which the mass layoff, relocation or termination occurred. The "mass layoff," "relocation" or "termination" was not necessitated by a physical calamity or act of war.

48.     As a result of Defendant's violation of Labor Code § 1401, the other similarly situated California employees are entitled to damages under c(a) in an amount to be determined.

49.     As a result of Defendant's violation of Labor Code § 1401, Defendant is subject to a civil penalty of not more than five hundred dollars ($500) for each day of the violation, under Labor Code § 1403.

50.     The California Class Plaintiff has incurred and the other similarly situated employees will incur attorneys' fees in prosecuting this claim and are entitled to an award of attorneys' fees under Labor Code § 1404.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendant:

A.     Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b), Plaintiff and the other similarly situated former employees constitute a single class;

B.     Designation of the Plaintiff as Class Representative;

C.     Appointment of the undersigned attorneys as Class Counsel;

D.     A judgment in favor of the Plaintiff and each of the "affected employees" equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1)(4) and the California Labor Code § 1402(a);

E.     Interest as allowed by law on the amounts owed under the preceding paragraph;

F.     Plaintiff's reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6) and California Labor Code § 1404; and

1    G.      Such other and further relief as this Court may deem just and proper.

2                                            Respectfully submitted,

3

4

5    DATED: April 5, 2013                   _____
                                             Gail Lin Chung, Cal St. Bar. No. 212334
6                                            Outten & Golden LLP
                                             Jack A. Raisner
7                                            René S. Roupinian
                                             3 Park Avenue, 29th Floor
8                                            New York, New York 10016
                                             Tel.:  (212) 245-1000
9                                            Fax:  (646) 509-2070
                                             Email: gl@outtengolden.com
10                                           Email: rsr@outtengolden.com
                                             Email: jar@outtengolden.com
11
                                             *Attorneys for Plaintiff,* Sven Etzelsberger *and the*
12                                           *putative class*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

SVEN ETZELSBERGER, on behalf of himself and all other similarly situated

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

FISKER AUTOMOTIVE, INC

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Gail L. Chung, Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, NY 10016
(212) 245-1000

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

| | |
|---|---|
| ☐ 1. U.S. Government Plaintiff | ☒ 3. Federal Question (U.S. Government Not a Party) |
| ☐ 2. U.S. Government Defendant | ☐ 4. Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1. Original Proceeding | ☐ 2. Removed from State Court | ☐ 3. Remanded from Appellate Court | ☐ 4. Reinstated or Reopened | ☐ 5. Transferred from Another District (Specify) | ☐ 6. Multi-District Litigation |

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. § 2101 et seq; California Labor Code, § 1400 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only).

BY FAX

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☒ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:   Case Number:   SACV13-00540 CJC (RNBx)**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: April 5, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

COPY

Name & Address:
Gail L. Chung
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, NY 10016
Tel.: (212) 245-1000

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| SVEN ETZELSBERGER, on behalf of himself and all others similarly situated | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | **SACV13-00540 CJC (RNBx)** |
| Fisker Automotive, Inc. | |
| DEFENDANT(S). | **SUMMONS** |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Gail L. Chung (#212334)_____, whose address is _3 Park Avenue, 29th Floor, New York, NY 10016_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ____APR - 5 2013____

By: ___A. Gonza____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV13- 540 CJC (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY